# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN FRINK, MS. CHRISTIAN, MS. WANDLER, MS. TEMPLE, C.O. BOTTS, and PAUL LUCER,<br><br>Defendants. | CV-13-0092-GF-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

## SYNOPSIS

Plaintiff Lloyd Maier has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). Because Mr. Maier is subject to the three strikes provision of 28 U.S.C. § 1915(a), he may only proceed in forma pauperis if he is in imminent danger of serious physical injury. Mr. Maier was given an opportunity to make this showing, but he has failed to do so. The Motion to Proceed in Forma Pauperis should be denied.

## JURISDICTION

Mr. Maier filed this action in federal court. (Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges

-1-

violations under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STANDARDS

### "Three strikes" provision

A prisoner generally may not bring a civil action in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated, brought an action that was dismissed as frivolous or malicious, or for failure to state a claim. 28 U.S.C. § 1915(g).

### Imminent Danger of Serious Physical Injury Exception

Even when a plaintiff has amassed three or more strikes, he may proceed in forma pauperis if there is a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); 28 U.S.C. § 1915(g). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.' " *Andrews*, 493 F.3d at 1056 (citation omitted). "A prisoner who alleges that prison officials continue with a practice that has injured him . . . in the past will satisfy

the 'ongoing danger' standard and meeting the imminence prong of the three-strikes exception." *Id.* at 1056–57.

## ANALYSIS

Mr. Maier filed a Complaint that did not allege that he was in imminent danger, but included some allegations that suggested the possibility of danger. Mr. Maier was given the opportunity to indicate whether he is in "imminent danger of serious physical injury." Mr. Maier responded with a brief that is confusing, jumbled and difficult to understand. Aside from the incident on June 6, 2013 (five months prior to filing his Complaint), he fails to indicate when the events he complains about occurred. He makes conclusory statements that he is in danger but pleads no facts to support these allegations. While he alleges inmates attempted to hurt him eight years ago, he admits the inmate responsible for the prior attack is not at the facility where he is currently housed. He alleges there are members of that inmate's "gang" at the facility but does not identify those inmates. He alleges Defendant Botts threatened to "set him up" but then contends that he since he refused housing, he has been in administrative segregation. Mr. Maier does not allege he is at risk in administrative segregation where he is currently held.

Mr. Maier failed to make a plausible allegation that he was of imminent

danger at the time he filed his Complaint. The motion to proceed in forma pauperis should be denied.

Mr. Maier may object to these Findings and Recommendations. Alternatively, he may pay the filing fee in full and proceed with the case.

The court **FINDS:**

1. Mr. Maier has previously brought three or more actions while incarcerated that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim.

2. Mr. Maier has not plausibly alleged that he is in imminent danger of serious physical harm, despite an opportunity to amend his Complaint.

The court **RECOMMENDS:**

1. Mr. Maier's Motion to Proceed in Forma Pauperis (Doc. 1) should be denied. Mr. Maier should be given thirty days to pay the full filing fee of $400.00 and the Clerk of Court should be directed to close the file if full payment is not received within forty days of the Court's Order denying the motion to proceed in forma pauperis.

**Notice of right to object to Findings and Recommendations and consequences of failure to object**

Mr. Maier may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] As this deadline allows a

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of December, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge