IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER, | CV-13-0092-GF-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MARTIN FRINK, MS. CHRISTIAN, MS. WANDLER, MS. TEMPLE, C.O. BOTTS, C.O. CRANDELL, MR. ROSS, MS. BOWMAN, and C.O. CRUMB, and PAUL LUCIER, | |
| Defendants. | |

**SYNOPSIS**

Plaintiff Lloyd Maier alleges Defendants harassed and failed to protect him, denied him due process, and violated his rights under the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act. Defendants Ross and Frink will be required to respond to Mr. Maier's Eighth Amendment claim regarding his hearing aid. Mr. Maier's allegations against the remaining Defendants fail to state a claim upon which relief may be granted even though he was given the opportunity to correct the defects with his pleading. He has provided no new facts sufficient to establish a constitutional or federal statutory violation. These claims should be dismissed.

-1-

## JURISDICTION

Mr. Maier filed this action in federal court, in the Great Falls Division of the District of Montana. (Complaint, Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, Senior United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Maier is a prisoner who paid the filing fee. He is proceeding without counsel. Because he is a prisoner, Mr. Maier's claims must be reviewed to determine if the allegations are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Mr. Maier's initial Complaint failed to state a claim upon which relief could be granted, and Mr. Maier was given an opportunity to file an amended complaint. Mr. Maier has now filed his Amended Complaint. (Doc. 12.)

This is the review of the Amended Complaint. The legal standards and

factual allegations applicable to this review were set forth in the Court's June 5, 2014 Order (Doc. 11) and will not be repeated herein.

## ANALYSIS

### Defendant Lucier

Mr. Maier was advised in the Court's prior Order that once he filed an amended complaint, it would replace the original complaint, and the original complaint would no longer serves a function in the case. Doc. 11; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Mr. Maier did not list Paul Lucier as a Defendant in his Amended Complaint. Mr. Lucier should be stricken from the caption.

### Count 1: Eighth Amendment–Harassment/Failure to Protect

In its prior Order, the Court indicated it would recommend the dismissal of Mr. Maier's harassment and failure to protect claims against Defendants Botts and Crandell in a subsequent order. Mr. Maier reargues these claims in his Amended Complaint. Mr. Maier argues his claim that Botts threatened to kill him for the sole purpose of causing fear and harm is actionable. These allegations still fail to state a claim upon which relief can be granted. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong). Defendants Botts and Crandell should be dismissed.

As Mr. Maier cannot establish an underlying constitutional violation, he cannot state a claim against Defendants Fink, Temple, or Wandler for failing to address Officer Botts' verbal assaults, threats and/or harassment. *Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) (a supervisor cannot be held liable in the absence of an underlying constitutional violation).

**Count 2:  Hearing Aid/Interpreter Claims**

Count 2 of Mr. Maier's Amended Complaint alleges Defendants violated his due process rights, his Eighth Amendment rights, his constitutional privacy rights, and his rights under the ADA and the Rehabilitation Act by failing to provide him a qualified interpreter during classification and medical treatment and failing to provide him with a working hearing aid.  The Court will analyze these claims under the due process clause, the Eighth Amendment, and the ADA and Rehabilitation Act.

In his original Complaint, Mr. Maier attempted to raise an equal protection claim with regard to his disabilities.  As set forth in the Court's prior Order, people with disabilities are not a specially protected class for purposes of equal protection law. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008).  Even in his Amended Complaint, Mr. Maier does not allege that he was intentionally treated differently than similarly situated inmates.  Mr. Maier's equal protection claims

should be dismissed.

The Court cannot conceive of how Mr. Maier's allegations raise a privacy claim. As there are no facts to support any such claim, it should be dismissed.

<u>Fourteenth Amendment–Due Process</u>

To the extent Mr. Maier continues to allege a Fourteenth Amendment due process claim with regard to his reclassification, he has failed to state a claim.[1] Mr. Maier has not demonstrated that he was entitled to due process because he failed to allege a liberty interest protected by the Constitution. He has not alleged any facts to show that the conditions in the housing units where he was reclassified imposed an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995). These claims should be dismissed.

<u>Eighth Amendment Denial of Medical Care</u>

Mr. Maier alleges he cannot hear out of one ear without a hearing aid and he may also require a hearing aid in his other ear. (Amended Complaint, Doc. 12 at 31.) He contends Defendants Ross and Frink were aware of his hearing

---

[1]Mr. Maier alleges he was denied a "qualified interpreter" during classification hearings. He admits, however, that Grievance Coordinator Crandell told him "if you need assistance it will be provided if you ask. CCA will not be paying for any outside agencies to interpret." (Amended Complaint, Doc. 12 at 22.)

impairment and allowed him to be without a working hearing aid for over a year. (Amended Complaint, Doc. 12 at 27-28.) These allegations are sufficient to state a claim for denial of medical care. Defendants Ross and Frink must respond to Mr. Maier's Eighth Amendment denial of medical care claim. *See Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir. 2013) (finding "the ability to hear is a basic human need materially affecting daily activity and a substantial hearing impairment plainly requires medical treatment by a physician"); *see also Cooper v. Johnson*, 255 Fed.Appx. 891, 892 (5th Cir. 2007) (unpublished) (vacating district court's dismissal of prisoner's complaint as frivolous because prisoner's allegations that officials refused to provide him with a hearing aid were "sufficient to raise a nonfrivolous issue regarding whether the provision of a hearing aid is a serious medical need and whether the respondents were deliberately indifferent to this need"); *Wheeler v. Butler*, 209 Fed.Appx. 14, 15 (2nd Cir. 2006) (unpublished) (vacating district court's grant of summary judgment and remanding for further proceedings because "the District Court erred in failing to consider whether the deprivation of Wheeler's hearing aids could, in and of itself, amount to cruel and unusual punishment"); *Large v. Wash. Cnty. Det. Ctr.*, 915 F.2d 1564 (4th Cir. 1990) (table) (unpublished) (remanding to district court to consider in the first instance deliberate indifference claim based on defendant's failure to provide

plaintiff with a hearing aid, noting that although there was "no specific authority

dealing with the refusal to provide hearing aids as a possible eighth amendment

violation, there is ample authority recognizing that the failure to provide

comparable basic corrective/medical devices may amount to deliberate indifference

to a serious medical need"); *Hicks v. Keller*, No. 11–CV–0422–WJM–KMT, 2012

WL 1414935, at *4 (D.Colo. Apr. 24, 2012) ("Plaintiff's allegations of intentional

deprivation of his hearing-aid, a necessary medical devi[c]e, sufficiently state a

claim that Defendant Nelson was deliberately indifferent to Plaintiff's serious

medical needs.").

Americans with Disabilities Act and Rehabilitation Act

Mr. Maier failed to name a proper defendant to be sued under the ADA or

the Rehabilitation Act.  Mr. Maier named only individual defendants in their

individual capacity.  (Amended Complaint, Doc. 12 at 5-6).  Mr. Maier cannot seek

damages or injunctive relief pursuant to the ADA or the Rehabilitation Act against

Defendants in their individual capacities.  *See Eason v. Clark Cnty. Sch. Dist.*, 303

F.3d 1137, 1145 (9th Cir. 2002); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir.

2002); *Stewart v. California Dept. of Educ.*, 493 Fed. Appx. 889, at *1 (9th Cir.

2012) (now citable for its persuasive value per Ninth Circuit Rule 36–3) ("The

district court properly dismissed the ADA and Rehabilitation Act claims against

the individual defendants in their individual capacities."); *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98, 107 (2nd Cir. 2001) ( "Insofar as Garcia is suing the individual defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials.").

The Court's prior order discussed this defect, and Mr. Maier was given an opportunity to correct this deficiency. In his Amended Complaint, Mr. Maier specifically named each of the Defendants in their individual capacity. He has therefore failed to name a proper defendant under the ADA and the Rehabilitation Act. These claims should be dismissed.

## CONCLUSION

Defendants Ross and Frink must respond to Mr. Maier's Eighth Amendment denial of medical care claim. Mr. Maier's remaining allegations fail to state a claim upon which relief may be granted as set forth above and in the Order dated June 5, 2014. (June 5, 2014 Order, Doc. 11.) Mr. Maier was given an opportunity to correct these defects, and he provided no new facts to establish a constitutional violation. Therefore, it is reasonable to assume that the defects could not be cured by further amendments.

Mr. Maier's claims of verbal assaults and threats, harassment, failure to

protect, due process, right to privacy, and claims brought under the ADA and the Rehabilitation Act should be dismissed. Defendants Christian, Wandler, Temple, Botts, Crandell, Bowman, Crumb, and Colbert should be dismissed. Defendant Lucier should be stricken from the caption as the Amended Complaint does not mention him.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants Ross and Frink are asked to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within sixty (60) days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. Counsel for Crossroads Correctional Center is deemed served by electronic delivery upon the filing of this Order. The Clerk of Court shall e-mail the following document to counsel for Crossroads:

\*       Complaint (Doc. 2);

\*       June 5, 2014 Order (Doc. 11);

\*       Amended Complaint (Doc. 12);

\*      this Order;

\*      a Notice of Lawsuit & Request to Waive Service of Summons; and

\*      a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Maier shall not make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Mr. Maier must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1.  Mr. Maier's claims of verbal assaults and threats, harassment, failure to protect, due process, right to privacy, and all claims brought under the ADA and the Rehabilitation Act should be DISMISSED.

2.  Defendants Christian, Wandler, Temple, Botts, Crandell, Bowman, Crumb, and Colbert should be DISMISSED.

3.  Defendant Lucier should be stricken from the caption.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Maier may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 5th day of December, 2014.

_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Legal Counsel for Crossroads Correctional Center

A lawsuit has been commenced by a pro se plaintiff against Dr. Ross and Warden Frink.  A copy the Complaint and Amended Complaint are attached to this notice. They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-92-GF-DWM-RKS.  The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.


                                          */s/ Keith Strong*
                                          Keith Strong
                                          United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:     The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action:  <u>Maier v. Frink, et al.</u>, Civil Action No. CV-13-92-GF-DWM-RKS, filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint and Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaints in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


_____
DATE

 

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS