IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



| LLOYD SCOTT MAIER, | CV 13-92-GF-DWM-JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| MARTIN FRINK, et al., | |
| Defendants. | |

Plaintiff Lloyd Maier, appearing pro se, alleges in his Amended Complaint that Defendants harassed and failed to protect him, denied him due process, and violated his rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. (Doc. 12.) Magistrate Judge Keith Strong entered Findings and Recommendations on December 5, 2014, recommending dismissal of the claims against all defendants except Defendants Ross and Frink regarding Maier's Eighth Amendment claims as to his hearing aid. (Doc. 13.) Maier has not filed objections to Judge Strong's findings and recommendations.

The court reviews findings and recommendations on nondispositive motions for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.2d at 1313, and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Strong's determinations. Defendant Paul Lucier[1] should be stricken from the caption because Maier did not list him as a defendant in his Amended Complaint. (*See* Doc. 12.) Although not addressed by Judge Strong, the same is true for Defendant C.O. Colbert. Maier's Eighth Amendment claims against Defendants Botts and Crandell do not amount to constitutional wrongs. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). As

---

[1] The spelling of some defendants' names are inconsistent throughout the filings in this case. The Court adopts the spellings used by Judge Strong.

such, Maier's supervisory claims against Defendants Frink, Temple, and Wandler also fail. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001). Although not addressed in Judge Strong's analysis, Maier's claim against Defendant Christian fails for the same reason. Maier has not alleged valid equal protection and due process claims. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008); *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Maier has alleged no facts to support a privacy claim. Finally, Maier has failed to name a proper defendant under the ADA and the Rehabilitation Act. *See Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002).

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 13) are ADOPTED to the extent they are consistent with this Order.

IT IS FURTHER ORDERED that Maier's claims of verbal assaults and threats, harassment, failure to protect, due process, right to privacy, equal protection, and all claims brought under the ADA and the Rehabilitation Act are DISMISSED.

IT IS FURTHER ORDERED that Defendants Christian, Wandler, Temple, Botts, Crandell, Bowman, and Crum are DISMISSED.

IT IS FURTHER ORDERED that Defendants Paul Lucier and C.O. Colbert are stricken from the caption. The caption is amended to read "Lloyd Scott Maier

v. Martin Frink and Mr. Ross."

DATED this 6th day of February, 2015.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court