IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN FRINK and MR. ROSS,[1]<br><br>Defendants. | CV-13-0092-GF-DWM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Lloyd Maier has filed a Motion for Default Judgment. (Doc. 23.) Mr. Maier alleges Warden Frink has admitted to knowing that there was a problem with Mr. Maier's hearing aid and he failed to remedy the wrong. (Doc. 23 at 1-2.)

To the extent Mr. Maier is seeking default judgment, his request must be denied. Rule 55 of the Federal Rules of Civil Procedure sets forth a two step process regarding default judgments: (1) entry of default and (2) entry of default judgment. Neither are appropriate in this case. Rule 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

---

[1] The case style has been amended to reflect the February 6, 2015 dismissal of Defendants Christian, Wandler, Temple, Botts, Crandell, Bowman, and Crum. (Doc. 21.)

must enter the party's default." Defendant Frink timely filed an Answer on December 31, 2014 (Doc. 15); therefore, there is no basis for the entry of default or default judgment.

To the extent Mr. Maier is seeking summary judgment, he has not met his burden and has not complied with the Court's Local Rules or the Federal Rules of Civil Procedure. A party is entitled to summary judgment if they demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of setting forth the basis of the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In this case, the Court issued its Scheduling Order on January 20, 2015, and discovery is not set to be completed until June 17, 2015. (Scheduling Order, Doc. 18 at 4.)

Mr. Maier presented no documentary evidence or affidavits to support his

request for a judgment against Warden Frink. He has also not complied with the Court's Local Rules requiring a party to file a Statement of Undisputed Facts along with a motion for summary judgment. L.R. 56.1(a).

There is no basis for a judgment to be entered against Warden Frink at this early stage in the litigation.

Accordingly, the Court issues the following:

## RECOMMENDATION

Mr. Maier's Motion for Default Judgment (Doc. 23) should be **DENIED.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

DATED this 10th day of March, 2015.

                           */s/ John Johnston*
                           John Johnston
                           United States Magistrate Judge