IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN FRINK and<br>CHRISTOPHER ROST,<br><br>Defendants. | CV 13-92-GF-DWM-JTJ<br><br>ORDER |

This matter comes before the Court on Plaintiff Lloyd Scott Maier's Motion for Summary Judgment (Doc. 40), Defendant Christopher Rost, P.A.'s Motion for Summary Judgment (Doc. 49), and Defendant Warden Martin Frink's Cross-Motion for Summary Judgment (Doc. 57). Magistrate Judge John Johnston entered Findings and Recommendations on February 12, 2016, recommending the Court deny all three motions. (Doc. 71.) Warden Frink and Rost filed timely objections (Docs. 72, 73), and Maier did not file objections.

On dispositive motions, the parties are entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981). Where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and this Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

I. **Warden Martin Frink**

Warden Frink argues that he cannot be held deliberately indifferent because he properly relied upon the judgment and expertise of medical professionals and that case law supporting this assertion was not considered in the Findings and Recommendations. (Doc. 72.) The case law Warden Frink relies on is relevant and renders the inquiry a closer question, but Warden Frink's objection is overruled. In *Peralta v. Dillard*, the Ninth Circuit held that a Chief Medical Officer was not deliberately indifferent despite having signed off on the plaintiff's second-level appeal concerning his dental treatment plan. 744 F.3d 1076, 1086–87 (9th Cir. 2014). The court reasoned that because the Officer, who had no dental expertise, had "ensur[ed] that the proper personnel had signed off on a reasonable course of treatment," and relied on the medical opinions of the dental staff who had "investigated" the plaintiff's complaints, the plaintiff failed to show

that the Officer "actually was aware" of any risk the treatment plan posed to the plaintiff's health. *Id.* at 1086. Other circuits have similarly held that, absent knowledge that medical staff are not treating a prisoner, non-medical staff are not deliberately indifferent for failing to take further action once they have investigated the prisoner's complaints, verified the prisoner is receiving treatment, and referred the complaints to medical providers. *Greeno v. Daley*, 414 F.3d 645, 655–56 (7th Cir. 2005); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Viewing the record in a light most favorable to Maier, disputed facts prevent summary judgment here. Although it was proper for Warden Frink to rely upon medical staff in responding to Maier's two grievance appeals, (Doc. 61 at 4), and he sufficiently investigated the appeals insomuch as both were granted, (Docs. 41-1 at 6; 37-1 at 2), it is disputed whether the medical department looked at Maier's hearing aid after the first appeal was granted. Thus, there is a genuine issue of material fact as to the extent Warden Frink ensured that the proper personnel had established a treatment plan or verified that Maier was receiving treatment. Additionally, Warden Frink indicates he was "not directly involved" and had only an "understanding" that medical personnel sent Maier's hearing aid for evaluation and then attempted to return it to him, (Doc. 61 at 3–4), and therefore he may have responded reasonably by granting Maier's appeals given his

limited awareness. Yet the record could support the conclusion that Warden Frink's actions of granting the first appeal and directing the second appeal to the Montana Department of Corrections' health services shows he was aware of an ongoing violation, of which he had the opportunity and authority to prevent.

II. **Christopher Rost, P.A.**

Rost argues that a truncated analysis was used in the Findings and Recommendations and that, based on the alleged facts, he cannot be found to be a state actor. (Doc. 73.) Rost's objection is without merit and overruled. Rost engaged in a public function by tending to Maier at Crossroads Correctional Center while Maier was involuntarily in custody. It is appropriate to attribute Rost's conduct to the state because he performed a function—the provision of medical services—that the state is traditionally obligated to carry out. *West v. Atkins*, 487 U.S. 42, 54–55 (1988); *Carl v. Muskegon Cnty.*, 763 F.3d 592, 596–97 (6th Cir. 2014); *Conner v. Donnelly*, 42 F.3d 220, 224–25 (4th Cir. 1994).

The Court finds no clear error in the remainder of Judge Johnston's analysis and findings.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 71) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff Maier's Motion for Summary

Judgment (Doc. 40) is DENIED, Defendant Rost's Motion for Summary Judgment (Doc. 49) is DENIED, and Defendant Frink's Cross-Motion for Summary Judgment (Doc. 57) is DENIED.

DATED this 30th day of March, 2016.

Donald W. Molloy, District Judge
United States District Court