IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

**FILED**
DEC 20 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN FRINK and CHRISTOPHER ROST,<br><br>Defendants. | CV-13-0092-GF-DWM-JTJ<br><br>ORDER |

Plaintiff Lloyd Maier, a pro se prisoner proceeding in forma pauperis and without counsel, alleged Defendants Frink and Rost violated his Eighth Amendment rights by failing to provide him with a working hearing aid while he was incarcerated at Crossroads Correctional Center. (Amended Complaint, Doc. 12 at 27-28.) Defendants filed motions for summary judgment which were denied March 30, 2016. (Doc. 74.) On May 13, 2016, Defendants filed a Motion for Leave to File Additional Summary Judgment Briefing based upon newly acquired evidence. (Doc. 75.) The Court construed the filing as a motion for leave to file a motion for reconsideration and as such, the motion was granted. (Doc. 84.) Pending before the Court are Defendants' Motions for Reconsideration. (Docs. 85, 87.)

1

## I. Standard

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II. Analysis

The Court has "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.

2

2001); *see also* Fed. R. Civ. P. 52(b) (providing that any order which does not terminate the action is subject to revision at any time before judgment is entered). The Court will consider whether the newly presented evidence from Hearing Life changes the finding that there is a genuine issue of material fact regarding whether any named Defendant was deliberately indifferent to Mr. Maier's serious medical needs.

To state a § 1983 claim for failure to provide medical care a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Whether Mr. Maier's hearing loss was a "serious medical need" was not disputed for purposes of summary judgment, therefore the analysis is focused on

3

the second prong: whether there is sufficient evidence from which a trier of fact might reasonably find that Defendants were deliberately indifferent to Mr. Maier's medical needs related to his hearing.

Mr. Maier first asked to have his hearing aid fixed on September 17, 2013. (Doc. 50-3 at 5.) The hearing aid was sent to Hearing Life in Great Falls, Montana for repair on October 17, 2013. (Doc. 46-2 at 12.) The hearing aid was returned to Crossroads on October 28, 2013. (Clinic Note, Doc. 46-2 at 11.) The Court previously found that with regard to this first incident, there is no evidence that any Defendant was deliberately indifferent to Mr. Maier's hearing needs. (Doc. 71 at 12.)

Mr. Maier next complained about his hearing aid on December 5, 2013 when he submitted a sick call request asking for his hearing aid to be turned up. (Doc. 37-1 at 8.) According to a January 31, 2014 Crossroads Clinic Note, Mr. Maier's hearing aid was again sent to Hearing Life. (Clinic Note, Doc. 46-2 at 10.) Judge Johnston issued his Findings and Recommendations to deny the motion for summary judgment on February 12, 2016 finding there was an issue of fact regarding whether the hearing aid was sent to Hearing Life in January/ February 2014. (Doc. 71 at 12.) This Court adopted those Findings and Recommendations on the same grounds on March 30, 2016. (Doc. 74.)

4

Defendants have now submitted undisputable evidence that Mr. Maier's hearing aid was sent to Hearing Life on January 31, 2014, the hearing aid was cleaned and checked by Hearing Life and returned to Crossroads on February 7, 2014. (Doc. 76-1 at 9.) Mr. Maier attempts to dispute this evidence by arguing that it is simply a computer print out and not a work order or an invoice. (Doc. 89 at 3.) But the issue in this case is not what occurred at Hearing Life, it is whether is hearing aid was sent out for repair. It is now indisputable it was.

PA Rost attempted to return the hearing aid to Mr. Maier on February 20, 2014 but Mr. Maier stated he could not hear through it and gave it back. A nurse at Crossroads again attempted to give Mr. Maier his hearing aid on February 21, 2014 but according to Crossroads' records he refused the hearing aid and it was placed in the medical pharmacy. (Treatment Note, Doc. 37-1 at 10.)

On February 28, 2014, Mr. Maier filed a formal grievance asking that they find him a medical provider who could get him proper hearing equipment so he could hear. The response indicated that Mr. Maier had been provided with the proper equipment. (Doc. 37-1 at 3.)

Mr. Maier then filed a grievance appeal on March 13, 2014. According to Warden Frink, the appeal was directed to Montana Department of Corrections (DOC)'s health services to provide Maier with specialized treatment with an

audiologist. (Affidavit of Martin Frink, Doc. 61 at ¶ 13.) The appeal was responded to by L. James, RN DOC Health Services as designee for the prison administration. Nurse James granted Maier's appeal on April 2, 2014 stating that Maier was due for a hearing examination and would be seen by an audiologist. (Doc. 37-1 at 2.)

The Montana Department of Corrections (DOC) transferred Mr. Maier to Montana State Prison on April 29, 2014. (Frink Affidavit, Doc. 61 at ¶ 11.)

When Mr. Maier made complaints about his hearing aid, staff at Crossroads had his hearing aid sent to an outside agency for adjustment, cleaning and checks. They did this in October 2013 and January 2014. Mr. Maier continued to file grievances regarding his hearing issues in March 2014. Warden Frink did not ignore that issue but rather referred the issue back to the DOC for specialized treatment.

Under these facts, and in light of the newly produced evidence, there is insufficient evidence to create a genuine issue of material fact regarding whether any named Defendant was deliberately indifferent to Mr. Maier's hearing needs.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Defendants' Motions for Reconsideration (Docs. 85, 88) are

**GRANTED.** Having considered the newly discovered evidence, it is appropriate to grant summary judgment to Defendants and dismiss this matter.

2. The Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

Dated this 20th day of December, 2016.

Donald W. Molloy, District Judge
United States District Court